**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Margarito PECENO–MONTANEZ,
Defendant–Appellant.**

**No. 05–40020
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 13, 2007.

---

James Lee Turner, Assistant U.S. Attorney, Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: * ·

This court previously affirmed the conviction and sentence of the Appellant Margarito Peceno–Montanez ("Montanez"). On December 11, 2006, the Supreme Court vacated and remanded the case for reconsideration in light of *Lopez v. Gonzales*, — U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

 In light of *Lopez*, the district court erred by enhancing Montanez's sentence based on a Texas conviction for simple possession of a controlled substance. Because Montanez has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, as the Federal Public Defender notes, Montanez presumably has been deported. In order to resentence him and reduce his term of supervised release, FEDERAL RULE OF CRIMINAL PROCEDURE 43 requires the defendant to be present and have the opportunity to allocute. Because the defendant has been deported and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding, there is no relief we are able to grant Montanez and his appeal is moot. *See United States v. Rosenbaum–Alanis,* 483 F.3d 381 (5th Cir.2007). The appeal is therefore **DISMISSED.**